NOT FOR PUBLICATION                                    [Dkt. Ent. 22]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PAUL JAMES ASH,<br><br>    Plaintiff,<br><br>  v.<br><br>TOWNSHIP OF WILLINGBORO, et. al.<br>    Defendants. | Civil No. 10-1900 (RMB/JS)<br><br>**OPINION** |

Appearances:

Justin Terence Loughry
LOUGHRY & LINDSAY, LLC
330 MARKET STREET
CAMDEN, NJ 08102

    Attorneys for Plaintiff

Matthew B. Wieliczko
Michael J. Huntowski
ZELLER & WIELICZKO, LLP
120 HADDONTOWNE COURT
CHERRY HILL, NJ 08034

    Attorneys for Defendants

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Defendants Township of Willingboro, Willingboro Director of Public Safety Gregory Rucker, Willingboro Police Officers Iris Cedeno ("Cedeno"), Jennifer Knecht ("Knecht"), and Jaime Jimenez ("Jimenez") (and collectively, the "Defendants") have moved for

summary judgment. For the reasons that follow, that motion is GRANTED.

I. Background

   A. Factual

On April 15, 2008, shortly after 8:00 p.m., Plaintiff Paul James Ash, ("Plaintiff"), parked his car at Willingboro High School in Willingboro, New Jersey in order to practice hitting baseballs on the school's athletic fields as he had done many times prior to that evening. [Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment ("Pl. Br."), p. 2]. Cedeno noted Plaintiff's car in the parking lot, thought it looked suspicious, and approached to investigate it. [Pl. Br. at 3]. Cedeno then activated her overhead lights. [Id.]. Plaintiff then emerged from his vehicle. [Id.]. According to Cedeno, she directed Plaintiff to return to his vehicle and, contrary to that instruction, Plaintiff walked to his trunk and began removing items from the trunk, including a baseball bat. [Id.]. In Cedeno's view, Plaintiff's conduct constituted a criminal obstruction of her investigation. [Transcript of Deposition of Iris Cedeno ("Cedeno Tr.") at 87:3-88:10].

According to Cedeno, Plaintiff's holding of the baseball bat and failure to follow her instructions caused her to fear for her safety and, as a result, she called for backup and directed Plaintiff to get away from the trunk and sit down on

the curb. [Cedeno Tr. at 82:10-14, 88:12-88:14, 97:7-98:23; Transcript of Deposition of James Ash ("Ash Tr.") at 53:15-25]. While Plaintiff refused to sit down, he did wait on the curb standing up. [Ash Tr. at 56:4-56:14; Cedeno Tr. at 98:19-99:6]. After at least one other Officer had joined Cedeno on the scene, Plaintiff was arrested and was placed in handcuffs and seated on the ground. [Cedeno Tr. at 99:20-21, 100:4-101:17].

The parties dispute Cedeno's motivation for Plaintiff's arrest. Cedeno maintains Plaintiff's arrest was based on Plaintiff's obstruction of her investigation. [Cedeno Tr. at 102:12-102:19]. Plaintiff claims that it was based on Cedeno's mistaken belief that Plaintiff was trespassing, as Cedeno erroneously believed that the field closed at 8:00 p.m. [Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment at 9 ("Cedeno, was in effect detaining Ash and ultimately charging him for 'trespass' at 8 p.m. when the posted signage gave permission to persons such as Mr. Ash to be there until 10 p.m."); Cedeno Tr. at 89:20-90:5].

After Plaintiff was arrested, Jimenez and Knecht arrived on the scene. [Transcript of Deposition of Jennifer Knect ("Knect Tr.") at 14:14-24; Transcript of Deposition of Jaime Jimenez ("Jimenez Dep.") at 14:20-22]. The parties dispute whether Plaintiff then gave Cedeno permission to search the trunk of his vehicle [Compare Plaintiff's Response to Statements of Material

Facts by Defendants ¶ 2 with Cedeno Tr. at 104:22-105:5]. It is undisputed, however, that Jimenez opened the car trunk from the interior of the vehicle and Cedeno and Knecht conducted a search. [Jimenez Tr. at 18:14-19:20; Knecht Tr. 17:25 to 23:5]. Ultimately, Cedeno recovered a gun from the trunk interior. [Knecht Tr. at 23:1-5]. Plaintiff was subsequently charged with unlawful possession of a weapon on school property, unlawful transportation of a weapon, obstruction of the administration of the law, and criminal trespass. [Defendants' Statement of Undisputed Material Facts ("DSUMF") at ¶ 2].

After consulting with counsel, Plaintiff entered into New Jersey's Pre-Trial Intervention program ("PTI") to resolve the charges against him.[1] [Id. at ¶ 2]. Under the program, defendant applicants are offered an opportunity to avoid regular prosecution by accessing rehabilitative services or supervision before trial. See N.J.S.A. 2C:43-12. Plaintiff successfully completed PTI by performing a number of work hours while supervised by a probation officer and the charges against him were dismissed. [DSUMF at ¶¶ 1-4].

B.  This Action

On April 14, 2010 Plaintiff filed a complaint in this Court premised on federal subject matter jurisdiction. [Dkt. Ent. 1]. The Complaint alleges three counts:

---

[1]  Plaintiff does not dispute that all of the charges were resolved through PTI.

    (1)    that Plaintiff's arrest and the subsequent search of Plaintiff's vehicle and seizure of his gun violated his constitutional rights and are actionable pursuant to 42 U.S.C. § 1983 [Compl. Count One];

    (2)    that the same conduct violated Plaintiff's New Jersey State Constitutional rights [Compl. Count Two]; and

    (3)    that Director of Public Safety Gregory Rucker and the Township of Willingboro, (collectively, the "Supervisory Defendants") are federally liable for the actions of the officers on the scene of the incident, pursuant to Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658 (1978) ("Monell"), based on their alleged failure to adequately train and supervise the officers on the scene of the incident [Compl. Count Three].

Defendants moved for summary judgment on all counts on May 11, 2012. [Dkt. Ent. 22].

II.   Standard

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party."  Id. at 248.

When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence: all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party."  Meyer v. Riegel Products

Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983).  However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial.  Anderson, 477 U.S. at 252.  In the face of such evidence, summary judgment is still appropriate "where the record . . . could not lead a rational trier of fact to find for the non-moving party . . . ."  Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment motions thus require judges to 'assess how one-sided evidence is, or what a 'fair-minded' jury could 'reasonably' decide.'"  Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989) (quoting Anderson, 477 U.S. at 265).

The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"  Anderson, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).  The non-movant's burden is rigorous: it "must point to

concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995).

III. Discussion

This Court first addresses Plaintiff's federal claims under Counts 1 and 3. It then addresses Plaintiff's state law claims under Count 2.

    A.   Count 1

Defendants argue that Plaintiff's Count 1 Section 1983 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). This Court agrees.

In Heck, the Supreme Court barred claims under Section 1983 when the claims would amount to a collateral attack on a prior criminal conviction. 512 U.S. at 481-489. Specifically, absent proof that "a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," a Section 1983 claim must be dismissed where it would imply the invalidity of a conviction or sentence. Walke v. Cullen, No. 12-2153, 2012 WL 2512909, at *2 (3d Cir. July 2, 2012)(citing Heck v. Humphrey, 512 U.S. at 486-487). Under Third Circuit law, completion of a pre-trial intervention program is

equivalent to a "conviction" for purposes of applying Heck. Fernandez v. City of Elizabeth, No. 11-1294, 2012 WL 867993, at *4-5 (3d Cir. March 15, 2012)(holding that completion of New Jersey's pre-trial intervention program is equivalent to a conviction for the purposes of Heck analysis); See also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005)(holding that Pennsylvania's Accelerated Rehabilitation Disposition program is analogous to a conviction for the purposes of Heck analysis). Here, a successful prosecution of Plaintiff's claims under Count 1 would necessarily imply the invalidity of the charges for which he completed PTI.

First, a successful Fourth Amendment claim for false arrest, whatever its motivation, would necessarily imply the invalidity of Plaintiff's obstruction and trespass charges, both of which were conclusively resolved through PTI. A successful Fourth Amendment claim for false arrest requires that: (1) there was an arrest; and (2) that the arrest was made without probable cause. Ferry v. Barry, No. 12-009, 2012 WL 4339454, at *5 (D.N.J. Sept. 19, 2012). In determining whether probable cause existed at the time of the arrest, the "arresting officer's state of mind" and the charges "actually invoked by the arresting officer" are irrelevant. Devenpeck v. Alford, 543 U.S. 146, 153 (2004); Jaegly v. Couch, 459 F.3d 149, 154 (2d Cir. 2006). Courts must instead objectively assess whether, at

the time of the arrest and based on the facts known to the officer, probable cause existed "as to any offense that could be charged under the circumstances." Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005); Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). Here, because probable cause may be based on any offense that could be charged under the circumstance, a successful claim of false arrest would necessitate a finding that there was no probable cause to believe that Plaintiff was criminally trespassing or obstructing Cedeno's investigation. Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995)("If there was probable cause for any of the charges made-here either disorderly conduct or resisting a search-then the arrest was supported by probable cause, and the claim for false arrest fails."). That finding would imply the invalidity of Plaintiff's trespassing and obstruction charges and is therefore barred by Heck. Id. ("Thus, Wells's proof to establish his false arrest claim, i.e., that there was no probable cause to arrest either for disorderly conduct or for resisting a search, would demonstrate the invalidity of Wells's conviction for resisting a search."); Walke, 2012 WL 2512909, at *2 (holding that unlawful arrest claim was barred by Heck where a successful claim would imply the invalidity of the plaintiff's conviction for possession of cocaine and firearms); Ferry, 2012 WL 4339454, at *5 (finding that claim of false arrest failed

because it would imply lack of probable cause to make arrest and, with it, invalidity of charge to which plaintiff subsequently pled guilty); Brenner v. Twp. Of Moorestown, No. 09-219, 2011 WL 1882394, at *5-6 (D.N.J. May 17, 2011)(same).

Second, a successful claim of unlawful search and seizure of the gun would necessarily invalidate the firearm charges because those charges were solely based on the search for and seizure of the gun. Crawford v. Frimel, 337 F. App'x. 211, 213 (3d Cir. 2009)(holding that Heck barred Fourth Amendment claim, where allegedly unlawful search and seizure was basis for subsequent drug conviction); James v. York Cnty. Police Dept., 160 F. App'x. 126, 133-34 (3d Cir. 2006)(holding that Heck barred 1983 claim of unlawful search and seizure where "arrest and conviction were based on the evidence gathered" in the allegedly illegal search and seizure); Gibson v. Superintendent of N.J. Dep't of Law and Public Safety Div., 411 F.3d 427, 452 (3d Cir. 2005)(recognizing that, where the only evidence for conviction is tainted by a possible constitutional violation, claim based on that constitutional violation would necessarily imply invalidity of conviction).

Accordingly, both of Plaintiff's claims under Count 1 are barred by Heck.  Those claims are therefore DISMISSED with prejudice.

B. Count 3

Plaintiff's claims under Count 3 are predicated on Monell. Supervisory liability claims under Monell require an underlying constitutional violation and, where the underlying violation is barred by Heck, it cannot form the basis for a derivative Monell claim. Munchinski v. Solomon, Nos. 06-4093, 07-1345, 2007 WL 3121331, at *2 (3d Cir. October 26, 2007)(holding that Heck bars consideration of municipal liability claims "to the extent they rely on the invalidity of [the plaintiff's] conviction"); Crawford v. Van Buren Cty, Ark., 678 F.3d 666, 669-70 (8th Cir. 2012)(barring claims against municipality pursuant to Heck); Lynch v. Suffolk Cty. Police Dep't, 348 F. App'x. 672, 675 (2d Cir. 2009)(holding that, where Monell claim was "derivative" of claims against individuals, and those claims were barred under Heck, Monell claim was also barred); Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006)("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under Monell was entirely correct."); Jackson v. Cnty of Nassua, No. 07-cv-245, 2010 WL 335581, at *8-9 (E.D.N.Y. January 22, 2010)("In the instant case, because the Court finds as a matter of law on summary judgment that Heck v. Humphrey prevents a finding that a constitutional violation was committed against plaintiff by any of the defendants, see supra, no Monell claim can lie against the County of Nassau pursuant to § 1983.");

Elliot v. McChefsky, No. 08-5429, 2009 WL 3150358, at *1-2 (E.D. Pa. Sept. 24, 2009)(barring claim against municipality under Heck).

Here, Plaintiff's Count 3 Monell claims are derivative of Plaintiff's Count 1 claims, which have been dismissed. Accordingly, Plaintiff's Count 3 Monell claims must also be dismissed. Id. Therefore, Count Three is DISMISSED with prejudice.

B. Count Two

Having dismissed all of Plaintiff's federal claims, and with this Court's subject matter jurisdiction premised on federal question jurisdiction, this Court must determine whether it will exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Flemming v. Nettleton, No. 10-cv-1958, 2012 WL 5943644, at *4 (D.N.J. November 26, 2012)(citing Kalick v. Northwest Airlines Corp., 372 F. App'x 317, 322 (3d Cir. 2010)). Absent extraordinary circumstances, district courts should not exercise supplemental jurisdiction over state law claims. Id. (citing Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984)). Because no extraordinary circumstances are evident here, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Fernandez, 468 F. App'x at 155 (declining to exercise supplemental jurisdiction over state law

claims where federal Section 1983 claims had been dismissed under <u>Heck</u>).  Accordingly, Count 2 is DISMISSED, without prejudice.

IV. <u>Conclusion</u>

For the foregoing reasons, Summary Judgment for the Defendants is granted with and without prejudice as described above.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: December 18, 2012